UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV398-J


SYREETA READUS o/b/o
   Rickey McDonald                                                PLAINTIFF

VS.

MICHAEL J. ASTRUE,
        Commissioner of Social Security                     DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of Syreeta Readus ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner must be affirmed.

<u>PROCEDURAL HISTORY</u>

On September 18, 2007, Rickey McDonald filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Michael J. Nichols ("ALJ") determined that claimant's depressive disorder, diabetes and Hepatitis were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied

1

review on April 13, 2010.[1]

<u>STANDARD OF REVIEW</u>

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

<u>ARGUMENTS ON THIS APPEAL</u>

Plaintiff argues that this matter should be remanded for consideration of additional evidence not before the ALJ. The information in the new evidence concerns the new diagnosis (liver cancer) and condition in February and March of 2010. This was presented to the Appeals Council, but the Appeals Council declined to review the decision.

If the Appeals Council declines to review an ALJ's decision, federal courts cannot consider evidence not presented to the ALJ. See <u>Cline v. Comm'r of Soc. Sec</u>., 96 F.3d 146, 148 (6th Cir.1996); <u>Cotton</u>, 2 F.3d at 696. When such evidence is offered, the court may remand the case to

---

[1] Subsequent to the ALJ's decision, Mr. McDonald was diagnosed with hepatocellular carcinoma, and he died just prior to the Appeals Council decision. Ms. Readus is proceeding on his behalf.

the ALJ. See <u>Cline</u>, 96 F.3d at 148 ("The district court can, however, remand the case [.]"). But remands are permitted only in limited circumstances. The limited circumstances under which a remand is permitted arise when the party seeking remand shows that: (1) new and material evidence is available; and (2) good cause exists for not first presenting the evidence to the ALJ. See <u>Willis v. Sec'y of Health & Human Servs</u>., 727 F.2d 551, 554 (6th Cir.1984). New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See <u>Sizemore v. Sec'y of Health & Human Servs</u>., 865 F.2d 709, 711 (6th Cir.1988).

The burden of showing that a remand is appropriate is on the claimant. <u>Oliver v. Sec'y of Health & Human Servs</u>., 804 F.2d 964, 966 (6th Cir.1986).

There is no issue here as to whether the evidence was "new" given that it concerned a symptoms and diagnosis that did not exist at the time of the decision. However, there is a serious issue regarding materiality: Mr. McDonald's insured status expired March 31, 2009. The new evidence concerned the time period February-March of 2010. Thus, that evidence would be material only if it was indicative of disability prior to that time. The Court cannot agree that the plaintiff has carried the burden of showing materiality that would make remand appropriate.

The records submitted subsequent to the hearing show a cyrrhotic liver, shortness of breath, and abdominal pain and swelling. Tr. 340-43. The cancerous condition was not diagnosed until five months after the hearing and almost a year after expiration of insured status). Significantly, the medical records prior to the hearing decision showed no such symptoms or any functional impairments arising from what would later be determined to be a liver cancer. There is no basis for remand for consideration of this new evidence.

As there is no showing of legal error, and substantial evidence supports the decision of the ALJ, the decision must be affirmed.